IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CITY OF HATTIESBURG**                                           **PLAINTIFF**

**V.**                              **CIVIL ACTION NO. 2:13-CV-208-KS-MTP**

**HERCULES, INC., et al.**                                       **DEFENDANTS**

<u>ORDER</u>

For all the reasons stated below, the Court **denies** Defendants' Motion to Dismiss [30]. Within twenty-one (21) days of the entry of this opinion, Plaintiff shall file a Second Amended Complaint in which it alleges the specific Mississippi regulatory violations underlying its citizen-suit under 42 U.S.C. § 6972(a)(1)(A).

**I. BACKGROUND**

Defendant Hercules, Inc. owned and operated a plant in Hattiesburg, Mississippi for almost ninety years.[1] During that time, Hercules conducted a variety of operations, including the production of rosins, paper chemicals, and agricultural insecticide. The facility covers 168 acres and contains offices, a laboratory, a powerhouse, a wastewater treatment plant, settling ponds, a landfill, and an impoundment basin and "sludge pits" for the disposal of industrial waste.

The facility is surrounded by residential, commercial, and industrial properties. City water and sewer lines run under, around, and adjacent to the facility, and a creek

---

[1] Defendant Ashland, Inc. purchased all of Defendant Hercules, Inc.'s stock in 2008, but Hercules was the sole owner and operator of the plant from 1923 to 2009.

runs through it. Plaintiff, the City of Hattiesburg, alleges that Defendants knowingly and improperly disposed of hazardous industrial waste – including known or suspected carcinogens – on the facility, that the industrial waste has contaminated the soil and groundwater on and beneath the facility, and that they failed to limit and/or control the spread of industrial waste to the public easements and properties surrounding the facility. Plaintiff contends that the industrial waste contaminated soil, groundwater, and air on, beneath, and around the facility, damaging both the City and its citizens, and that it continues to spread.

Plaintiff filed this citizen-suit pursuant to Sections 6972(a)(1)(A)-(B) of the Resources Conservation and Recovery Act ("RCRA").[2] Plaintiff also alleged various state-law torts, and it requests a wide variety of injunctive and monetary relief. Defendants filed a motion to dismiss [30] the RCRA claims, and it is ripe for review.

## II. DISCUSSION

### A. *Primary Jurisdiction*

Defendants first argue that the Court should abstain from consideration of Plaintiff's RCRA claims under the doctrine of primary jurisdiction. This doctrine:

> . . . applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.

*Local Union No. 189, Amalgamated Meat Cutters, & Butcher Workmen of N. Am., AFL-*

---

[2] 42 U.S.C. §§ 6901, *et seq.*

*CIO v. Jewel Tea Co.*, 381 U.S. 676, 684-85, 85 S. Ct. 1596, 14 L. Ed. 2d 640 (1965). The Fifth Circuit provided the following prerequisites for a district court's abstention under the doctrine of primary jurisdiction:

> (1) the court has original jurisdiction over the claim before it; (2) the adjudication of that claim requires the resolution of predicate issues or the making of preliminary findings; and (3) the legislature has established a regulatory scheme whereby it has committed the resolution of those issues or the making of those findings to an administrative body.

*Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 69 F.3d 1304, 1311 (5th Cir. 1995). "No fixed formula exists for applying the doctrine," but "agency referral is favored when (a) it will promote even-handed treatment and uniformity in a highly regulated area, or when sporadic action by federal courts would disrupt an agency's delicate regulatory scheme; or (b) the agency possesses expertise in a specialized area with which the courts are relatively unfamiliar." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 811 (5th Cir. 2011).

The doctrine's purpose is to promote "proper relationships between the courts and administrative agencies charged with particular regulatory duties." *Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 303, 96 S. Ct. 1978, 48 L. Ed. 2d 643 (1976). It is particularly applicable where a case involves technical fact questions within the scope of an administrative agency's experience and expertise. *Id.* at 304. However, "primary jurisdiction is not a doctrine of futility; it does not require resort to an expensive and merely delaying administrative proceeding when the case must eventually be decided on a controlling legal issue wholly unrelated to [agency] determinations . . . ." *Jewel Tea Co.*, 381 U.S. at 686.

3

Primary jurisdiction "is a flexible doctrine to be applied at the discretion of the district court." *Wagner & Brown v. ANR Pipeline Co.*, 837 F.2d 199, 201 (5th Cir. 1988). The Court "must weigh the benefits of obtaining the agency's aid against the need to resolve the litigation expeditiously and may defer only if the benefits of agency review exceed the costs imposed on the parties." *Id.* "The advisability of invoking primary jurisdiction is greatest when the issue is already before the agency." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 532 F.2d 412, 420 (5th Cir. 1976). But "in those cases where Congress has determined by statute that the courts should decide the issue in the first instance, primary jurisdiction should not be invoked." *Id.* at 419.

The Fifth Circuit has not addressed the applicability of primary jurisdiction to RCRA citizen suits, but a neighboring district court, the United States District Court for the Eastern District of Louisiana, provided the following analysis:

> Congress expressly defined the limited circumstances under which . . . RCRA suits may be barred. . . . RCRA citizen suits are barred only if the plaintiff fails to provide adequate notice before filing suit or if the EPA or a State "has commenced and is diligently prosecuting a civil or criminal action in a court of the United States or a State to require compliance with such permit, standard, regulation, condition, requirement, prohibition, or order." 42 U.S.C. § 6972(b)(2)(C).
>
> * * *
>
> The primary jurisdiction doctrine is not listed among the specifically delineated circumstances under which . . . RCRA [suits] may be barred. Where Congress creates specific exceptions to a broadly applicable provision, the proper inference . . . is that Congress considered the issue of exceptions and, in the end, limited the statute to the ones set forth. If Congress had intended for the primary jurisdiction doctrine to bar citizen suits, it would have included the doctrine among the specifically delineated circumstances under which citizen suits are barred. That Congress did not do so means the doctrine is not included among the bars to a citizen suit.

*Apalachicola Riverkeeper v. Taylor Energy Co., LLC*, 954 F. Supp. 2d 448, 459-60 (E.D. La. 2013) (some citations and punctuation omitted).[3] This reasoning aligns with the Fifth Circuit's general admonition that "in those cases where Congress has determined by statute that the courts should decide the issue in the first instance, primary jurisdiction should not be invoked." *Miss. Power & Light Co.*, 532 F.2d at 419; *see also College Park Holdings v. Racetrac Petroleum*, 239 F. Supp. 2d 1322, 1328 (N.D. Ga. 2002).

The majority of courts addressing the issue have found that the doctrine of primary jurisdiction does not apply to citizen suits under the RCRA.[4] At least two other district courts in this Circuit concur with the majority position. *See Apalachicola Riverkeeper*, 954 F. Supp. 2d at 459-60; *LWC Mgmt. Co.*, 2007 U.S. Dist. LEXIS 97186 at *22-*23. Absent contrary authority from the Fifth Circuit, the Court believes it prudent to do the same. Accordingly, the Court declines to apply the doctrine of

---

[3]*See also Stewart-Sterling One, LLC v. Tricon Global Rests. Inc.*, Civil Action No. 00-477, 2002 U.S. Dist. LEXIS 15746, at *19-*20 (E.D. La. Aug. 9, 2002); *cf. St. Bernard Citizens for Envtl. Quality, Inc. v. Chalmette Refining, LLC*, 348 F. Supp. 2d 765, 767-68 (E.D. La. 2004) (declining to apply primary jurisdiction doctrine to citizen suit under the Clean Air Act); *La. Envtl. Action Network v. LWC Mgmt. Co.*, Civil Action No. 07-0595, 2007 U.S. Dist. LEXIS 97186, at *22-*23 (W.D. La. Aug. 14, 2007) (declining to apply primary jurisdiction doctrine to citizen suit under the Clean Water Act).

[4]*See, e.g., Chico Serv. Station, Inc. v. SOL P.R. Ltd.*, 633 F.3d 20, 30 (1st Cir. 2011); *PMC, Inc. v. Sherwin-Williams Co.*, 151 F.3d 610, 619 (7th Cir. 1998); *Interfaith Cmty. Org., Inc. v. PPG Indus.*, 702 F. Supp. 2d 295, 311-12 (D. N.J. 2010); *Racetrac Petroleum*, 239 F. Supp. 2d at 1328-29; *Wilson v. Amoco Corp.*, 989 F. Supp. 1159, 1170 (D. Wyo. 1998); *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 284 (D. Colo. 1997).

primary jurisdiction to Plaintiff's RCRA claims.

## B.    *RCRA Citizen Suits & EPA-Approved State Programs*

Next, Defendants argue that Plaintiff has no viable RCRA claim because Mississippi adopted its own EPA-approved regulatory program which supersedes federal regulations, and the RCRA's citizen-suit provision can not be used to enforce state regulations.

The RCRA provides:

[A]ny person may commence a civil action on his own behalf –

> (1) (A) against any person . . . who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this Act; or
>
> (B) against any person . . . who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment . . . .

42 U.S.C. § 6972(a)(1)(A)-(B). "Suits under subsection (a)(1)(A) are often referred to as citizen 'enforcement' actions, while suits under subsection (a)(1)(B) are sometimes called citizen 'imminent hazard' suits." *Stewart-Sterling One*, 2002 U.S. Dist. LEXIS 15746 at *5. "Subsection (a)(1)(A) applies to ongoing violations and does not provide redress for violations that occurred in the past. Subsection (a)(1)(B) . . . was designed to create RCRA liability for past acts presenting a present danger." *Id.* at *5-*6.

The RCRA allows states to adopt their own hazardous waste regulatory programs, subject to approval by the EPA. It provides: "Any State which seeks to

administer and enforce a hazardouse waste . . . program pursuant to this subtitle may develop and . . . submit to the [EPA] an application . . . for authorization of such program." 42 U.S.C. § 6926(b). If the EPA approves the program, the "State is authorized to carry out such program in lieu of the Federal program under this subtitle in such State and to issue and enforce permits for the storage, treatment, or disposal of hazardous waste . . . ." *Id.* "Based on this provision, a few courts have held that in states where this has occurred, private citizens' enforcement suits are no longer truly federal claims under RCRA since the regulations and permits such citizens are seeking to enforce have become state regulations and permits rather than federal ones." *Stewart-Sterling One*, 2002 U.S. Dist. LEXIS 15746 at *7-*8.[5]

These decisions arise from a combined reading of Section 6926(b)'s authorization for states to enact their own regulations "in lieu of" federal ones, and Section 6972(a)(1)(A)'s provision that a person may commence a civil action against "any person . . . who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order *which has become effective pursuant to*" the RCRA. 42 U.S.C. §§ 6926(b), 6972(a)(1)(A) (emphasis added). These courts reason that state regulations enacted "in lieu of" federal ones did not "become effective pursuant to" the RCRA. Some courts have even held that district courts do not possess

---

[5]*See, e.g., AM Int'l v. Datacard Corp.*, 106 F.3d 1342, 1350 (7th Cir. 1997); *Dague v. Burlington*, 935 F.2d 1343, 1352-53 (2d Cir. 1991); *Clean Harbors Servs. v. Ill. Int'l Port Dist.*, 76 ERC (BNA) 1641, 2013 U.S. Dist. LEXIS 28047, at *13-*14 (N.D. Ill. Feb. 25, 2013); *Williamsburgh-Around-The Bridge Block Ass'n v. Jorling*, 30 ERC (BNA) 1188, 1989 U.S. Dist. LEXIS 9961, at *21-*22 (N.D.N.Y. Aug. 21, 1989).

federal question jurisdiction over such claims, as they concern violations of state, rather than federal, law. *See, e.g., Jorling*, 1989 U.S. Dist. LEXIS 9961 at *22.

The Court respectfully disagrees with these authorities. As previously noted, Section 6972(a)(1)(A) authorizes citizen-suits against "any person . . . who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to" the RCRA. 42 U.S.C. § 6972(a)(1)(A). The question, therefore, is whether Mississippi's "hazardous waste program became effective pursuant to the RCRA." *Glazer v. Am. Ecology Envtl. Servs. Corp.*, 894 F. Supp. 1029, 1039-40 (E.D. Tex. 1995). Section 6926(b) allows states to develop their own regulatory program subject to the authorization of the EPA. 42 U.S.C. § 6926(b). "Any action taken by a State under a hazardous waste program authorized under this section shall have the same force and effect as action taken by the Administrator under" the RCRA. 42 U.S.C. § 6926(d). Therefore, according to the plain language of Section 6926, EPA-approved state regulatory programs "become effective pursuant to" the RCRA, and citizens may enforce them via a citizen-suit under Section 6972(a)(1)(A).[6]

The Court further notes that the EPA interprets these statutes as permitting

---

[6]*See Glazer*, 894 F. Supp. at 1040; *Acme Printing Ink Co. v. Menard, Inc.*, 881 F. Supp. 1237, 1244 (E.D. Wis. 1995); *Sierra Club v. Chem. Handling Corp.*, 824 F. Supp. 195, 197 (D. Colo. 1993); *Sierra Club v. Chem. Handling Corp.*, 778 F. Supp. 25, 26 (D. Colo. 1991); *Lutz v. Chromatex, Inc.*, 725 F. Supp. 258, 261-62 (M.D. Penn. 1989); *Env'tl Compliance Oversight Corp. v. Smithkline Beecham Corp.*, Civil Action No. 94-1807, 1994 U.S. Dist. LEXIS 17424, at *4-*5 (E.D. Penn. Nov. 21, 1994).

citizen-suits even when a state adopts an EPA-approved regulatory program. *See Glazer*, 894 F. Supp. at 1040 (quoting 49 Fed. Reg. 48300, 48304 (Dec. 12, 1984) ("[I]t is EPA's position that the citizen suit provision of RCRA is available to all citizens whether or not a state is authorized.")). "Courts give agency interpretations controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (quoting *Chevron U.S.A. Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 844, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)). That is not the case here, for the reasons stated above.

Defendants' interpretation of Sections 6926(b) and 6972(a)(1)(A) would leave Mississippi citizens without any private enforcement mechanism for hazardous waste regulations; they noted in briefing that Mississippi's EPA-approved regulatory program does not provide a private cause of action. But the Fifth Circuit observed that "Congress expressly intended the RCRA to close loopholes in environmental protection." *Consol. Cos. v. Union Pac. R.R. Co.*, 499 F.3d 382, 388 (5th Cir. 2007). It would be contrary to that intention for Congress to include a citizen-suit provision, but allow states to opt out of it upon adopting their own EPA-approved regulatory programs.

For all of these reasons, the Court finds that an RCRA Section 6972(a)(1)(A) citizen-suit can be brought to enforce EPA-approved state regulations.[7]

---

[7]Defendants did not address whether a citizen-suit under Section 6972(a)(1)(B) could be brought to enforce an EPA-approved state regulatory program, but "[e]very court that has addressed the effect of state-run hazardous waste programs on imminent hazard suits under subsection (a)(1)(B) has concluded

## C. *Failure to Plead the Specific EPA-Approved Mississippi Regulations*

Defendants also argue that Plaintiff's RCRA claims should be dismissed because Plaintiff failed to plead the specific EPA-approved Mississippi regulations which Defendants allegedly violated. Plaintiff requested an opportunity to amend its complaint to correct this pleading error. The Court frequently allows plaintiffs to amend their complaint prior to granting a motion to dismiss. *See, e.g., Sanford v. TIAA-CREF Individual & Inst. Servs., LLC*, No. 2:11-CV-122-KS-MTP, 2012 U.S. Dist. LEXIS 23600, at *10 (S.D. Miss. Feb. 24, 2012); *Bryant v. Holder*, No. 2:10-CV-76-KS-MTP, 2011 U.S. Dist. LEXIS 23975, at *39-*40 (S.D. Miss. Feb. 3, 2011). The Court shall do the same here.

### III. CONCLUSION

For all the reasons stated above, the Court **denies** Defendants' Motion to Dismiss [30]. Within twenty-one (21) days of the entry of this opinion, Plaintiff shall file a Second Amended Complaint in which it alleges the specific Mississippi regulatory violations underlying its citizen-suit under 42 U.S.C. § 6972(a)(1)(A). Failure to timely amend will result in dismissal of that claim.

SO ORDERED AND ADJUDGED this 27th day of March, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

that such suits are not superseded by the state program." *Stewart-Sterling One*, 2002 U.S. Dist. LEXIS 15746 at *8 (citing several authorities). Therefore, even if the Court agreed that Plaintiff could not bring suit under Section 6972(a)(1)(A), its (a)(1)(B) claim would remain.

11