IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CITY OF HATTIESBURG                                                    PLAINTIFF

V.                                                          NO. 2:13-cv-208-KS-MTP

HERCULES, INC., ET AL.                                              DEFENDANTS

## REBUTTAL MEMORANDUM BRIEF OF HERCULES INCORPORATED IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Like *Abner*, this case involves very broad general allegations of far-flung chemical contamination. According to the Complaint and the City of Hattiesburg's ("Plaintiff" or "City") disclosures, there is contamination throughout the Plaintiff's water and sewer systems [Doc. 1] and on 44 parcels of real property, some of which are situated a long distance from the Hercules Incorporated ("Hercules") plant site (the "Site"). See Exhibit "A." The Plaintiff's admitted failure to test for contamination has made it impossible for Hercules to focus its discovery on the property (if any) that is contaminated or to begin to develop its own expert testimony about the existence, cause(s), and/or source(s) of the contamination.

The Plaintiff's tactics are clear. It plans to wait until the expert witness deadline on September 1, 2015, to identify the specific property that is contaminated and to produce reams and reams of test data. See Exhibit "B." At that point, Hercules will face the daunting, if not impossible, task of completing discovery and developing its own experts in a mere 90 days. [Doc. 47]

To remedy this unfair and prejudicial situation, Hercules filed its Motion for Partial Summary Judgment [Doc. 78] to force the Plaintiff to test its property sooner rather than later. The Plaintiff predictably responded with a Rule 56(d) request for additional time.  As explained below, Hercules does not oppose the Court granting the Plaintiff a reasonable amount of time to complete testing.

## I.      THE FACTS

As has become the unfortunate norm, the Plaintiff's response is replete with shrill rhetoric ("Hercules's negligent, wanton, or reckless behavior") and scare tactics (Plaintiff will test property "frequented by children") [Doc. 82 at pp. 1-2, 11] that have nothing to do with the issues before the Court.  In addition, much of the factual information presented by the Plaintiff is dated and otherwise inaccurate.   Under the circumstances, Hercules must clarify the record before it addresses the legal issues.

## A.     TESTING OF CITY PROPERTY BY OTHERS HAS BEEN EXTREMELY LIMITED AND INCONCLUSIVE.

The Plaintiff devotes at least six pages of its response to a discussion of testing conducted by other people.  [Doc. 82 at pp. 3-5, 8-11]  While Hercules agrees the Plaintiff can rely on the data from those tests [Doc. 82 at pp. 2-3], the bottom line is that the only City property that has been tested by anyone is a few feet of the Providence Street sewer pipe and a small portion of the ROW of Providence Street near the Site.  [Docs. 79-2, -3, -4][1]  While chemical constituents were detected in the sewer pipe, it recently was replaced with a new pipe [Doc. 51] that has not been

---

[1] The Court will recall from *Blackard* that the groundwater plume detected under Providence Street and its ROW does not extend to any other City property.  Moreover, despite what the Plaintiff claims [Doc. 82 at p. 4], neither the RCRA 3013 Order, Exhibit "C," nor the RCRA 3008 Order, Exhibit "D," requires Hercules to test any other City property.

tested.[2]   Moreover, during the construction of the new sewer line, extensive sampling and analyses failed to detect the presence of chemicals, including those found in the groundwater plume under the Providence Street ROW, at levels that posed a risk to the construction workers or the public.  See Exhibit "E."

## B.   BATCO AND HERCULES HAVE RESPONDED TO THE PLAINTIFF'S DISCOVERY REGARDING DIOXATHION.

Long ago, in the *Blackard* case, Hercules produced BATCO's "Sampling and Analysis Protocol for the Determination of Dioxathion In Water."  Exhibit "F."  Nevertheless, the City insists that it still needs discovery from BATCO and Hercules[3] to understand BATCO's dioxathion "analytical protocol and laboratory techniques."  To that end, the Plaintiff served a subpoena duces tecum on BATCO.[4]   More than 8,000 documents were collected by BATCO, reviewed for privilege by counsel for Hercules and produced to the Plaintiffs on November 24, 2014.  The Plaintiff's counsel has reviewed those documents and communicated with BATCO regarding possible supplementation.

---

[2] The Plaintiff mentions another sewer easement on the Hercules site [Doc. 82 at p. 4], but offers no proof that it has been tested or is contaminated.  Indeed, Exhibit "D" to the Plaintiff's Response suggests otherwise.  [Doc. 82-3 at Weltner-00128.001 ("Hercules is not representing that contaminated media are present" at that location.)]

[3] The notion that the Plaintiff needs discovery from Hercules to understand BATCO's dioxathion analytical protocol is perplexing, since in *Abner* the Court was assured that the City's subpoena to BATCO "should capture all of the information another laboratory needs to replicate BATCO's dioxathion method."  [*Abner* Doc. 38 at p. 15]  The critical documents clearly reside with BATCO, not Hercules. [Doc. 82 at p. 14]

[4] The Plaintiff has known for months and months that it needed certain information from BATCO, but has not diligently pursued it.  Specifically, the Complaint was filed on September 26, 2013 [Doc. 1], but the Plaintiff did not seek leave to serve a subpoena at that time as authorized by Rule 26(d)(1).  Then, although a CMO was entered on July 2, 2014 [Doc. 47], the Plaintiff waited 90 days until October 1, 2014, to serve its subpoena.  Exhibit "G."

The Plaintiff also served requests for production of documents on Hercules.   On December 2, 2014, Hercules responded fully to those requests [Doc. 84] and has produced for inspection all of the hard copy documents that have been identified as responsive, including documents regarding Delnav and dioxathion.   Also, with regard to ESI, Hercules in mid-November 2014 identified 38 backup tapes found at the site and provided detailed information about those tapes to the Plaintiff.   See Exhibit "H."   To date, the Plaintiff has not requested restoration of a single tape.   Other than possibly the backup tapes, Hercules has not found any additional ESI that relates to the chemical analysis of dioxathion.

## II.       LEGAL ARGUMENT & AUTHORITIES

The only meaningful legal issue[5] before the Court is whether to grant the Plaintiff additional time to test.   As previously indicated, Hercules is not opposed to the Court granting that relief.   However, the Fifth Circuit has ruled that Rule 56(d) relief is available only if the necessary facts can be collected "within a reasonable time frame."   *See American Family Life Assurance Co. v. Biles*, 714 F. 3d 887, 894 (5th Cir. 2013); *Raby v. Livingston*, 600 F. 3d 552, 561 (5th Cir. 2010).   The determination of what is reasonable is discretionary with the court.   *See Kean v. Jack Henry & Assocs., Inc.*, 577 Fed. Appx. 342, 349 (5th Cir. 2014).

In determining what is a reasonable time, the Court should focus on the limited nature of Hercules' motion.   Hercules seeks relief based solely on the Plaintiff's failure to test and the resulting lack of scientific proof of contamination.   In other words, Hercules is not now arguing that the Plaintiff will never be able to prove facts sufficient to sustain its burden of proof.

---

[5] The Plaintiff argues that Mississippi law does not require it to test the alleged contaminant pathways. [Doc. 82 at pp. 5-7]  Thus, the Plaintiff seeks simultaneously to argue the merits of Hercules' motion and to invoke Rule 56(d).  If the Court grants Rule 56(d) relief, it need not reach this issue until it addresses the merits of Hercules' summary judgment motion.  If the Court deems it necessary to decide this issue now, Hercules adopts by reference its brief filed today in *Abner* on the same issue.  See Exhibit "I."

Therefore, to respond to Hercules' pending motion, the Plaintiff only has to complete its tests[6] and produce the sampling and test data.[7]

The Plaintiff has made no showing by affidavit or otherwise of how long it will take to complete the testing.  Hercules suggests that six months will be more than adequate.[8]  If the Plaintiff is diligent and for good cause still cannot complete testing within that time frame, it will be free to seek additional time.

### III.    CONCLUSION

The Court should hold Hercules' Motion for Summary Judgment in abeyance for six months to allow the Plaintiff time to complete scientific testing and analysis.

This the 12th day of December, 2014.

Respectfully submitted,

HERCULES INCORPORATED

By Its Attorneys,
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.

By: */s/William N. Reed*
WILLIAM N. REED

---

[6] It follows that expert witness reports will not be required to respond to Hercules' motion.  [Doc. 82 at p. 16]

[7] Hercules already has requested the Plaintiffs to produce documents relating to testing for contamination.

[8] That is the amount of time the Court allotted the *Abner* plaintiffs to complete more extensive testing. [*Abner* Doc. 36]

Richard F. Yarborough, Jr. (MSB# 6628)
William N. Reed (MSB# 4689)
James L. Jones (MSB# 3214)
Amy L. Champagne (MSB# 102447)
Ashley C. Tullos (MSB# 101839)
D. Sterling Kidd (MSB# 103670)
Michael V. Bernier (MSB# 103960)
Samuel Gregory (MSB# 104563)
D. Sterling Kidd (MSB# 103670)
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, PC
P. O. BOX 14167
Jackson, MS  39236
Telephone (601) 351-2410
Facsimile  (601) 592-2410
ryarborough@bakerdonelson.com
wreed@bakerdonelson.com
jjones@bakerdonelson.com
achampagne@bakerdonelson.com
atullos@bakerdonelson.com
skidd@bakerdonelson.com
mbernier@bakerdonelson.com
sdgregory@bakerdonelson.com
skidd@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system, which served a copy upon registered participants.

This the 12th day of December, 2014.

*/s/William N. Reed*
WILLIAM N. REED