UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CITY OF HATTIESBURG                                            PLAINTIFF

vs.                                        CIVIL ACTION NO.: 2:13-cv-208KS-MTP

HERCULES, INC., a foreign corporation;
and ASHLAND, INC., a foreign corporation            DEFENDANTS

## MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT'S REBUTTAL MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff City of Hattiesburg (the City) hereby moves for leave to file a short Sur-Reply to Defendant's Rebuttal Memorandum Brief in Support of Motion For Partial Summary Judgment (Defendant's Rebuttal). In support thereof the City states as follows;

1.      Defendant's Motion For Partial Summary Judgment did not argue for any modification to the Scheduling Order (Doc. 47) that governs discovery in this case. Therefore, the City did not address those issues in its Opposition Brief. (Doc. 82).

2.      Defendant's Rebuttal argues, for the first time, that the City's time to conduct the discovery needed to fully respond to Defendant's Motion For Partial Summary Judgment should be limited to six months.

3.      Because of the complex issues surrounding environmental testing for certain contaminants uniquely associated with the Hercules Site, the timing of discovery is of critical importance in this case. In fairness, the City should be allowed to file a brief Sur-Reply to address only the impropriety of Defendant's new arguments relating to the timing of discovery.

4.      A copy of the City's proposed Sur-Reply is attached as Exhibit A.

5.      Due to the self-explanatory nature of this Motion, the City requests that the Court waive the requirement of filing a supporting memorandum pursuant to Local Rule 7(b)(4).

Respectfully submitted,


/s/ W. Larkin Radney IV
Attorney for the Plaintiffs


OF COUNSEL:

John M. Johnson (PHV)
*jjohnson@lightfootlaw.com*
Adam K. Peck (PHV)
*apeck@lightfootlaw.com*
William S. Cox, III (PHV)
*wcox@lightfootlaw.com*
W. Larkin Radney IV (PHV)
*lradney@lightfootlaw.com*
Clinton T. Speegle (PHV)
*cspeegle@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL  35203-3200
(205) 581-0700
(205) 581-0799 (Facsimile)

James C. King (PHV)
*jimmy@jasperlawyers.com*
Justin L. Jones (PHV)
*justin@jasperlawyers.com*
KING, WILEY, & WILLIAMS, L.L.C.
1824 Third Avenue South
PO Box 1688
Jasper, AL 35502-1688
(205) 221-3500

Winston J. Thompson, III (MS #100157)
*wjt3law@yahoo.com*
Nichon Shannon (MS #101120)
*nichonshannon@yahoo.com*
THE COCHRAN FIRM
610 East Amite Street
Jackson, Mississippi 39201
(601) 812-1000

James K. Dukes (MS #6216)
jdukes@jdukeslaw.com
DUKES, DUKES, & WOOD
P.O. Box 2055
Hattiesburg, MS 39403-2055
(601) 544-5121
(601) 544-4425 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which served a copy upon registered participants.

Respectfully submitted,

/s/ W. Larkin Radney IV
Of Counsel

**EXHIBIT A**


**SUR-REPLY TO DEFENDANT'S REBUTTAL MEMORANDUM BRIEF
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CITY OF HATTIESBURG                                                          PLAINTIFF

vs.                                              CIVIL ACTION NO.: 2:13-cv-208KS-MTP

HERCULES, INC., a foreign corporation;
and ASHLAND, INC., a foreign corporation                      DEFENDANTS

## SUR-REPLY TO DEFENDANT'S REBUTTAL MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff City of Hattiesburg (the City) submits this Sur-Reply to Defendant's Rebuttal Memorandum Brief in Support of Motion For Partial Summary Judgment (Defendant's Rebuttal) to address arguments raised for the first time in Defendant's Rebuttal. Specifically, the City opposes Defendant's improper request that the Court modify the scheduling order by limiting the City's time to conduct the discovery specifically needed to respond fully to Defendant's Motion For Partial Summary Judgment.

### Argument

Defendant cannot properly request specific relief for the first time in a rebuttal memorandum. If Defendant desires modification of the scheduling order in this case, it should file a separate motion to which the City would have an opportunity to respond. Instead, Defendant's Rebuttal candidly admits that the goal of its Motion For Partial Summary Judgment was not to seek a substantive ruling, but to "force the Plaintiff to test its property sooner rather than later." Doc. 89, at 2. However, Defendant does not dispute that the Scheduling Order entered in the case – and to which Defendant largely agreed – allows all parties until February 1, 2016 to conduct discovery. Doc. 47 at 4. That same order allows the City until September 1,

2015 to disclose its expert reports. Defendant admits for the first time in its Rebuttal that its true aim is to alter or modify those provisions of the scheduling order.

Defendant is free to seek any relief from the Court it desires, but it cannot properly seek relief for the first time in a reply brief. Local Rule 7(b) specifies that "any written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this rule." L.U.C.R. 7(b). Those same rules afford the responding party fourteen days to file a responsive brief opposing the requested relief. L.U.C.R. 7(b)(4). If Defendant wishes to shorten the time for discovery or modify the deadline for the City's expert reports (or secure additional time to submit its own expert reports), it must file a separate motion specifically requesting such relief under Fed. R. Civ. P. 16(b)(4) and the City will respond in fourteen days.

Courts routinely ignore requests for relief presented for the first time in reply briefs because the opposing party has no opportunity to respond. *See McDaniel v. Mississippi Baptist Medical Center*, 869 F.Supp. 445, 453 (S.D. Miss. 1994)(noting that "in the interests of fairness, Defendant should not be allowed to raise new grounds for the first time in its rebuttal to which Plaintiff will not have an opportunity to provide adequate response."); *Johnson v. Watkins*, 803 F. Supp. 2d. 561, n.3 (S.D. Miss. 2011)(stating "the Court does not consider arguments raised for the first time in reply."); *Fontenberry v. Prine*, 2014 WL 5529210 (noting "it is well-settled that arguments made for the first time in a reply brief cannot be considered by the court."). As Defendant's initial Motion made no request to truncate or otherwise modify the time allowed for discovery or expert evidence under the scheduling order, the Court should not consider the argument for such relief made for the first time in Defendant's Rebuttal.

Moreover, should the Court consider Defendant's new argument regarding modification of the Court's Scheduling Order, Defendant has not even attempted to demonstrate good cause for such relief as required by Fed. R. Civ. P. 16(b)(4). Instead, it simply asserts that "six months will be more than adequate." Doc. 89, at 5. Defendant offers no argument, much less evidence, to support this suggestion. Rather, it simply references the deadline for testing contained in CMO No. 1 in the *Abner* case (which the *Abner* Plaintiffs are currently seeking to modify) and brazenly asserts that the City has put forth no evidence of how long testing will take in this case. The last point is hardly surprising, as the timing of such testing was not put at issue by Defendant's Motion. Nor does the City seek any modification to the existing Scheduling Order that would require it to demonstrate good cause. The City cannot be faulted for failing to divine the ulterior motive behind Defendant's Motion. The Defendant's attempt to shift the burden to the City to *disprove* the need for modifications to the Scheduling Order is improper and ineffective. Defendant, not the City, seeks such relief so it bears the burden of establishing good cause for any proposed modifications in a properly filed motion.

As set forth in detail in the City's Response to Defendant's Motion For Partial Summary Judgment, there are critical areas of discovery the City must complete before it can even begin to sample and test for the fingerprint contaminant from the Hercules Site, dioxathion. The City absolutely opposes any effort to compress the time for discovery afforded by the Court's scheduling order, and will respond in detail to any properly filed motion seeking the same. However, the suggestion in Defendant's Rebuttal that the Court modify the existing scheduling order to impose a six month deadline to conduct testing on City property is not properly before the Court and should be ignored. Even if the Court considers this new argument, Defendant has

in no way established good cause for the suggested modification to the existing Scheduling

Order.

Respectfully submitted,

/s/ W. Larkin Radney IV
Attorney for the Plaintiffs

OF COUNSEL:

John M. Johnson (PHV)
jjohnson@lightfootlaw.com
Adam K. Peck (PHV)
apeck@lightfootlaw.com
William S. Cox, III (PHV)
wcox@lightfootlaw.com
W. Larkin Radney IV (PHV)
lradney@lightfootlaw.com
Clinton T. Speegle (PHV)
cspeegle@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL  35203-3200
(205) 581-0700
(205) 581-0799 (Facsimile)

James C. King (PHV)
jimmy@jasperlawyers.com
Justin L. Jones (PHV)
justin@jasperlawyers.com
KING, WILEY, & WILLIAMS, L.L.C.
1824 Third Avenue South
PO Box 1688
Jasper, AL 35502-1688
(205) 221-3500

Winston J. Thompson, III (MS #100157)
wjt3law@yahoo.com
Nichon Shannon (MS #101120)
nichonshannon@yahoo.com
THE COCHRAN FIRM
610 East Amite Street
Jackson, Mississippi 39201
(601) 812-1000

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which served a copy upon registered participants.

Respectfully submitted,

/s/ W. Larkin Radney IV
Of Counsel