## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**CITY OF HATTIESBURG**                                                                 **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 2:13-CV-208-KS-MTP**

**HERCULES, INC., et al.**                                                          **DEFENDANTS**

### ORDER

For the reasons stated below, the Court **denies** Defendant's Motion for Partial Summary Judgment [78] without prejudice.

The Court previously discussed the factual background of this case. *See City of Hattiesburg v. Hercules, Inc.*, 2:13-CV-208-KS-MTP, 2014 U.S. Dist. LEXIS 40993, at *2-*3 (S.D. Miss. Mar. 27, 2014). On November 7, 2014, Defendant filed a Motion for Partial Summary Judgment [78], arguing that the Court should grant summary judgment as to any properties for which the City can not *presently* provide testing results showing physical contamination. In response, Plaintiff invoked Rule 56(d) and argued that it needs additional time to conduct discovery and testing.

Rule 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

FED. R. CIV. P. 56(d).[1] Rule 56(d) motions are broadly favored and liberally granted. *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013). "[A] continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course," but "the party seeking additional discovery must first demonstrate how that discovery will create a genuine issue of material fact." *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 963 (5th Cir. 2009).

Plaintiff argues that it needs additional time to conduct discovery regarding Defendant's analytical procedures and methods used to test for dioxathion – an alleged "fingerprint" contaminant from the Hercules site. Plaintiff intends to test for the presence of dioxathion on the subject properties at the same time it tests for other compounds, as conducting separate testing would duplicate field work and increase costs. To date, Plaintiff has not conducted any substantial testing of its own.

In Defendant's reply [89], it represented that it "filed its Motion for Partial Summary Judgment [78] to force the Plaintiff to test its property sooner rather than later." Defendant believes that Plaintiff "plans to wait until the expert witness deadline on September 1, 2015, to identify specific property that is contaminated and to produce reams and reams of test data." Therefore, while Defendant admits that Plaintiff should be permitted more time to conduct discovery and testing, it requests

---

[1]Legal authorities applying the former Rule 56(f) are applicable to motions under Rule 56(d). *See* FED. R. CIV. P. 56(d) advisory committee's note ("Subdivision (d) carries forward *without substantial change* the provisions of former subdivision (f)."); *Stark v. Univ. of S. Miss.*, No. 2:13-CV-31-KS-MTP, 2013 U.S. Dist. LEXIS 145551, at *6 (S.D. Miss. Oct. 8, 2013).

that the Court impose a six-month deadline for Plaintiff to do so.

According to the Case Management Order [47], Plaintiff's expert reports are due on September 1, 2015, and the discovery deadline is February 1, 2016. If Defendant believes that it is entitled to receive any testing results or other discovery materials before those dates, it is free to file a discovery motion. A motion for summary judgment is not the proper vehicle to seek modifications of the Court's scheduling order. The Court **denies** Defendant's Motion for Partial Summary Judgment [78] without prejudice.

SO ORDERED AND ADJUDGED this 12th day of January, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE