UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CITY OF HATTIESBURG**                                                                 **PLAINTIFF**

vs.                                                                   **CIVIL ACTION NO.: 2:13-cv-208KS-MTP**

**HERCULES, INCORPORATED,**
a foreign corporation;                                                                 **DEFENDANTS**

**THE CITY OF HATTIESBURG'S MEMORANDUM IN SUPPORT OF ITS MOTION
TO STRIKE AFFIDAVIT TESTIMONY OF MARCIA A. WILLIAMS**

The City of Hattiesburg submits this Memorandum in Support of its Motion to Strike Affidavit Testimony of Marcia A. Williams, and states as follows:

**INTRODUCTION**

In support of its Rule 56(d) Response to Plaintiff's Motion For Partial Summary Judgment, Hercules submits the affidavit of Marcia A. Williams,[1] a former employee of the United States Environmental Protection Agency.  Ms. Williams proffers legal interpretations of RCRA and implementing state and federal regulations and opines about the relevance of certain evidence to legal issues raised in the City's Motion For Partial Summary Judgment.  Because this testimony is nothing more than legal opinion, it is impermissible under Federal Rules of Evidence 702 and 403, and well-settled case law.  Accordingly, the affidavit of Marcia A. Williams should be stricken from the record and disregarded.

**ARGUMENT**

---

[1]   [Doc. 161-3].

**I.    EXPERT TESTIMONY ABOUT THE LAW OR THE APPLICATION OF FACTS TO THE LAW IS IMPROPER UNDER RULE 702**

Ms. Williams offers no factual testimony – her affidavit makes no claim of personal involvement with the Hercules Site (as either a former regulator or consultant), and indeed offers no testimony at all regarding the specific facts of this case.  Therefore, her testimony can only be admitted if it satisfies the criteria for expert testimony.  Federal Rule of Evidence 702 permits expert testimony "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to *understand the evidence or determine a fact at issue*."[2]  Ms. William's proffered testimony has nothing to do with understanding the evidence or the facts.  Nor does it relate to scientific or technical issues.  Instead, it relates to the purported *legal relevance* of certain evidence and the interpretation and application of relevant law.  In effect, her testimony attempts to tell the Court how to conduct its legal analysis of the City's Motion.  In so doing, she is opining about the interpretation and application of the law – a role reserved to the Court and not retained experts.

The opinions expressed in Ms. Williams' Affidavit should be disregarded in their entirety.  Federal courts have consistently held that legal opinions do not assist the trier of fact in understanding the evidence and are inadmissible under Rule 702.[3]  Experts cannot opine as to

---

[2]   Fed. R. Evid. 702 (emphasis added).
[3]   *See Estate of Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999) (excluding expert testimony as to whether a fiduciary was "acting reasonably"); *Askanase v. Fatjo*, 130 F.3d 657, 672-73 (5th Cir. 1997) (upholding exclusion of expert legal opinions regarding defendants' alleged breaches of fiduciary duties); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (finding expert testimony improper if it provides nothing more than lawyers can offer in argument); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983)(excluding expert's testimony on the contributory negligence of a party as legal conclusions that invaded the role of the trier of fact).

what the applicable law means because such opinions impermissibly intrude upon the role of the court.[4]  There can only be one legal expert in any case:  the Court.[5]

As explained below, the Williams Affidavit is more akin to a legal brief than a proper expert opinion.  She is does not offer testimony regarding how Hercules changed its operations to comply with the law or how the law shaped the applicable industry standard of care.[6]  Instead, her testimony goes directly to the scope and interpretation of the laws and regulations implicated in the City's Motion For Partial Summary Judgment.  Those issues lie in the exclusive domain of the Court.

## II.   MS. WILLIAMS' TESTIMONY IS UNQUESTIONABLY LEGAL IN NATURE

Ms. Williams' affidavit sets forth her background at EPA, and that background sheds light on the true nature of her testimony.  Ms. Williams has "developed and issued over 40 proposed and final rules relating to solid and hazardous waste" and was "responsible for interpreting existing RCRA rules."[7]  Her office responded to questions from regulated entities "asking for interpretations and clarifications of the solid and hazardous waste requirements" and "developed detailed guidance documents" on RCRA issues to explain "how U.S. EPA intended that affected parties apply and implement the regulations."[8]  She further touts her work with

---

[4]   *Askanase* 130 F.3d at 673; *Goodman v. Harris Cnty*, 571 F.3d 388, 399 (5th Cir. 2009) ("an expert may never render conclusions of law"); *Specht v. Jensen*, 853 F.2d 805, 808-09 (10th Cir. 1988)(holding that the trial court erred in allowing expert legal opinions that improperly instructed the jury on how to decide the case).

[5]   *See Burkhart v. Washington Metropolitan Area Transit Authority*, 112 F.3d 1207, 1213 (D.C. Cir. 1997)(noting "[e]ach courtroom comes equipped with a legal expert . . . . called a judge.").

[6]   *See, e.g., BNY Mellon, NA v. Affordable Holdings, Inc.*, (N.D. Miss. 2011)(finding expert testimony that offered *only* legal conclusions and interpretations was not appropriately characterized as industry standard and corporate practice evidence, but rather impermissible legal testimony).  The City has disclosed experts to testify about certain ways that regulated entities changed their operations to comply with the standard of care set by RCRA and its implementing regulations. However, those witnesses will not presume to instruct the Court on how to interpret the law, and the City has not offered their standard of care testimony in support of any issue relevant to its Motion For Partial Summary Judgment.

[7]   *See* [Doc. 161-3, at ¶ 3-4].

[8]   *Id*. at ¶ 4.

Congress on RCRA issues, asserting that her meetings with members of Congress "often involved discussions of congressional intent."[9] While interpreting regulations, rules, and congressional intent are wholly appropriate endeavors for agency officials, they are impermissible subjects for expert testimony.

Ms. Williams' Affidavit asserts no personal involvement with the Hercules Site – or Hercules generally – during her tenure at EPA. She does not purport to have responded to regulatory questions posed by Hercules (and therefore cannot offer fact testimony regarding Hercules's contemporaneous understanding of the law), nor does she profess to have worked with Hercules at any time after leaving EPA in 1988. Ms. Williams does not claim to be a scientist, or to have any specialized knowledge or skill in the fields of environmental sampling, interpretation of aerial photography, or the specific operations and waste handling practices at the Hercules Site in Hattiesburg. Consistent with her background, the sole basis for her testimony is her purported expertise in explaining what RCRA and its associated rules and regulations *mean*.

Consistent with her regulatory background, Ms. Williams offers two separate categories of opinions regarding additional "factual investigation" that, in her opinion, is necessary to "complete a thorough and accurate regulatory analysis" of the issues raised in the City's Motion. First, she offers a laundry list of additional facts that she considers relevant to a legal determination of whether the toxaphene in the sludge pits and Impounding Basin is K041 waste.[10] Though she attempts to couch her testimony in terms of additional facts needed to apply the law, word choice does not change the essential nature of her testimony. Opinions about what

---

[9]  *Id.* at ¶ 6.
[10] *See id.* at ¶ 10 (a-e).

facts are relevant to application of the law are, in and of themselves, legal opinions.[11]  Courts, and not experts, are charged with determining legal relevance.

Second, Williams opines about additional facts that, in her opinion, are needed "to fully compare the Hattiesburg toxaphene manufacturing and waste treatment processes with the processes that are discussed in the [K041] narrative listing and background listing document . . . ."[12]  Implicit in this testimony is the legal conclusion that EPA's background listing document is relevant to this analysis at all, which the City denies.  Moreover, the factors Williams lists in this category are plainly legal, and include such considerations as the impact of mixing toxaphene wastewaters with other wastewaters "on the applicability of the K041 listing" and whether EPA's rulemaking "provided reasonable notice" that historical toxaphene sludge "would classify as K041 waste."[13]  The opinions Williams offers in paragraph 11 of her affidavit are either about facts the Court should deem relevant under her construction of the applicable law, or, even more troubling, her opinions regarding the specific legal issues raised by the City's motion.  This is impermissible expert testimony about the law.

Williams attempts to justify her proffer of legal testimony by asserting that RCRA is "frequently compared to the tax code in complexity" and proceeding to offer her opinions about the proper application of the facts to the relevant regulatory framework.[14]  She then offers clear

---

[11]  Hercules is attempting to convince the Court that the City's Motion for Partial Summary Judgment presents a highly complex issue of fact and law.  It does not.  "Wastewater sludge from the production of toxaphene" is a listed hazardous waste that cannot be treated, stored, or disposed of without a permit.  The plain text of RCRA and the applicable regulations is clear and unambiguous.
[12]  [Doc. 161-3, at ¶ 11 (a-e)].
[13]  *Id.*
[14]  If the Court concludes that the relevant provisions of RCRA are too complex to assess without expert help – a proposition that the City finds highly unlikely – the federal rules provide ready recourse. Under Fed. R. Evid. 706, the Court may order the parties to show cause why an independent expert should not be appointed by the court. While the City believes this Court is fully capable of analyzing the relevant provisions of RCRA (which are not nearly so complex as Hercules claims), other courts have employed court-appointed experts to assist in complicated environmental matters before.  *See* Order, *United States v. City of Akron*, No. 5:09-cv-00272 (N.D. Ohio March 13, 2013), ECF No. 135 (appointing

legal opinions regarding the applicability of EPA RCRA guidance and the need for a "factual and/or regulatory analysis" regarding "the scope of the Mississippi authorized RCRA program . . . ."[15] Again, this is testimony by a paid expert about how the Court should interpret and apply the law, which is not permitted under Rule 702 or relevant case law.

Phrasing her testimony in terms of facts the Court must consider to apply the relevant law does not change the fundamentally legal nature of Williams' proffered testimony; her interpretation of the law is implicit in that testimony. In other words, Williams' testimony regarding what evidence the Court "must" consider necessarily presumes a certain interpretation of the applicable law.  Hercules is free, within the constraints of ethical advocacy, to argue for any interpretation it can support.  But that argument must come from its attorneys, and not expert witnesses.

### III. WILLIAMS' TESTIMONY HAS BEEN EXCLUDED AS IMPERMISSIBLE EXPERT LEGAL OPINION BEFORE

Finally, at least one other Court has precluded Ms. Williams from testifying about the law in a RCRA case.  In a case raising a legal issue about whether a specific material qualified as a waste under RCRA, Ms. Williams attempted to offer testimony for the defendant.  The United States moved to exclude her testimony on the grounds that she was offering opinions about the law.  After hearing extensive testimony from Ms. Williams (on both direct and cross-examination) the Hon. William E. Smith of the United States District Court for the District of Rhode Island excluded Ms. Williams' testimony as an improper attempt to introduce testimony "about the statute, its history, the development of the regulations, the impact of the guidance, the

---

environmental law professor as a court-appointed expert to evaluate the propriety of a proposed consent decree) (attached as Ex. A).
[15]   [Doc. 161-3, at ¶ 14].

rule-makings, and so forth . . . ."[16]  The Court noted that "the kinds of things that you were asking her to testify to are really, one, what is the law and, two, how does the law apply to these facts; and those are the province of the Court and of the jury."[17]  The Williams Affidavit offered by Hercules should be excluded and stricken from the record for precisely the same reasons.

## CONCLUSION

In sum, the Williams Affidavit is a thinly-cloaked attempt to introduce expert testimony about the legal relevance of evidence and the proper scope and application of the law.  Opinions regarding the proper interpretation and construction of RCRA and its implementing regulations are implicit (and in some cases explicit) in all of the testimony presented in her affidavit.  Those opinions do nothing to help the Court "understand the evidence or to determine a fact in issue" as required by Rule 702, and her affidavit adds nothing beyond what Hercules's able counsel can offer in the form of legal argument.  The Williams Affidavit is improper and should be stricken from the record.

Respectfully submitted this 5th day of November, 2015,

>                              /s/ Clinton T. Speegle
>                              One of the Attorneys for PLAINTIFF

OF COUNSEL:
John M. Johnson (PHV)
jjohnson@lightfootlaw.com
Adam K. Peck (PHV)
apeck@lightfootlaw.com
William S. Cox, III (PHV)

---

[16] *See* Marcia Williams *Daubert* Hearing Transcript, *United States v. Southern Union Co.*, No. 07-134S, at 102 (D.R.I. October 7, 2008), ECF No. 121 (attached in pertinent part as Ex. B).
[17] *Id.* at 102-03.

wcox@lightfootlaw.com
W. Larkin Radney IV (PHV)
lradney@lightfootlaw.com
Clinton T. Speegle (PHV)
cspeegle@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL  35203-3200
(205) 581-0700
(205) 581-0799 (Facsimile)

James C. King (PHV)
jimmy@jasperlawyers.com
Justin L. Jones (PHV)
justin@jasperlawyers.com
KING, WILEY, & WILLIAMS, L.L.C.
1824 Third Avenue South
PO Box 1688
Jasper, AL 35502-1688
(205) 221-3500

                                      */s/ Winston J. Thompson, III*
                                      One of the Attorneys for PLAINTIFF

Winston J. Thompson, III (MS #100157)
wjt3law@yahoo.com
THE COCHRAN FIRM
610 East Amite Street
Jackson, Mississippi 39201
(601) 812-1000

James K. Dukes
DUKES, DUKES & WOOD
226 West Pine Street
P. O. Box 2055
Hattiesburg, MS 39403-2055
(601) 544-4121

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 5th day of November, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which served a copy upon all registered participants.

      Respectfully submitted,

      */s/ Clinton T. Speegle*
      Of Counsel