IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CITY OF HATTIESBURG                                                                                      PLAINTIFF

V.                                                                                         NO. 2:13-cv-208-KS-MTP

HERCULES, INC., ET AL.                                                                             DEFENDANTS

**MEMORANDUM BRIEF OF HERCULES INCORPORATED IN RESPONSE TO THE CITY OF HATTIESBURG'S MOTION TO STRIKE AFFIDAVIT TESTIMONY OF MARCIA A. WILLIAMS**

In support of it Rule 56(d) request for additional time to respond to Plaintiff's Motion for Partial Summary Judgment, Hercules Incorporated ("Hercules") served the affidavit of Marcia A. Williams.  Misconstruing the standard applicable to Rule 56(d) affidavits, Plaintiff challenges the admissibility of Marcia Williams' affidavit, arguing that it presents nothing more than inadmissible legal opinions.  [Doc. 164]  Plaintiff's position is fatally flawed because Rule 56(d) affidavits need not be admissible.  But even if admissibility were a requirement, Marcia Williams' affidavit plainly is admissible, since it explains with the requisite specificity the information needed to address the merits of Plaintiff's motion.  It does not provide a legal or expert opinion.  Accordingly, the Court should reject Plaintiff's effort to conduct an irrelevant and premature *Daubert* inquiry and deny Plaintiff's Motion to Strike.

**ARGUMENT & AUTHORITIES**

**A.      RULE 56(d) AFFIDAVITS NEED NOT BE ADMISSIBLE**.

The Court can quickly and summarily dispose of Plaintiff's motion because it focuses solely on the admissibility of Marcia Williams' affidavit.  [*See* Docs 164 & 164-1]  Admissibility is irrelevant to a Rule 56(d) analysis.

Rule 56(d) requests, by their nature, are not substantive responses to motions for summary judgment.  Instead, the purpose of Rule 56(d) "'is to provide non-movants with a much

1456184

needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion.'" *Full House Resorts, Inc. v. Boggs & Poole Contracting Grp., Inc.*, 2015 WL 1427284, at *14 (S.D. Miss. Mar. 27, 2015) (quoting *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.,* 565 F.3d 948, 963 (5th Cir. 2009)).  Accordingly, affidavits presented in support of a Rule 56(d) request are not subject to the same evidentiary restraints as affidavits in support of substantive summary judgment responses.  The City's argument to the contrary

> fundamentally confuses Rule 56(f)'s[1] requirements with those in Rule 56(e) ('Supporting affidavits . . . shall set forth such facts as would be admissible in evidence . . . .').
>
> '[A] Rule 56(f) proffer need not be presented in a form suitable for admission as evidence at trial, so long as it rises sufficiently above mere speculation.'  'This is as it should be, for Rule 56(f) is best understood as a complement to other provisions contained in Rule 56, allowing the opposing party to explain why he is as of yet unable to file a full-fledged opposition, subject to the more harrowing evidentiary standard that governs under Rules 56(e) and 56(c).'

*Simas v. First Citizens' Fed. Credit Union*, 170 F.3d 37, 45-46 (1st Cir. 1999) (quoting *Resolution Trust Corp. v. N. Bridge Assocs.,* 22 F.3d 1198, 1206 (1st Cir. 1994)) (brackets and ellipses in original) (internal citations omitted).

Numerous cases have recognized this principle.  *See Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191 (5th Cir. 1991) ("If the party opposing summary judgment has evidence ***which has not yet been reduced to admissible form*** but is germane to the existence of a genuine issue of material fact, then it is proper for the party opposing summary judgment to move for a continuance 'to permit affidavits to be obtained or depositions to be taken or discovery to be had.'") (quoting FED. R. CIV. P. 56(f)) (emphasis added); *Carney v. U.S. Dep't of Justice*, 19 F.3d

---

[1] Rule 56(f) was renumbered 56(d) in 2010.  *See* FED. R. CIV. P. 56, Advisory Committee Notes, 2010 Am. ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").

807, 813 (2d Cir. 1994) ("We agree with Carney that, in support of his Rule 56(f) affidavit, he was not required to present evidence that would be admissible at a trial.") (citing 10A Charles A. Wright, et al., *Federal Practice and Procedure* § 2740, at 530 (2d ed. 1983)); *Jones-Edwards v. Appeal Bd. of Nat. Sec. Agency*, 196 F. App'x 36, 37 (2d Cir. 2006); *Burgett v. Troy-Bilt LLC*, 2012 WL 5384702, at *3 (E.D. Ky. Nov. 1, 2012) (citing *Simas*, 170 F.3d at 46; *Carney*, 19 F.3d at 813; *Duplantis*, 948 F.2d 187); *Walker v. City of Los Angeles*, 2010 WL 5117254, at *3 (C.D. Cal. Dec. 9, 2010) (quoting *Resolution Trust Corp.,* 22 F.3d at 1206); *Emerson Enters., LLC v. Kenneth Crosby - New York, Inc.*, 2007 WL 700846, at *7 (W.D.N.Y. Feb. 27, 2007); *Am. Home Assur. Co. v. ZIM JAMAICA*, 418 F. Supp. 2d 537, 542 n.9 (S.D.N.Y. 2006).

In light of this overwhelming precedent, the court in *Sanchez v. Lasership, Inc.*, 2012 WL 3730636 (E.D. Va. Aug. 27, 2012), denied a motion to strike that was amazingly similar to Plaintiff's. There, the plaintiff submitted a Rule 56(d) affidavit that contained statements about state independent contractor statutes and the effect of those statutes on the litigation. *Id.* at *1. The defendant moved to strike those portions of the affidavit as inadmissible. *Id.* In denying the motion to strike, the court reasoned as follows:

> The Court denies Lasership's Motion to Strike with respect to the challenged statements in the Lichten Affidavit because the affidavit is offered in support of a motion brought under Rule 56(d) of the Federal Rules of Civil Procedure, seeking an opportunity to conduct further discovery. ***Rule 56(d) affidavits are not restricted to statements that would be admissible in evidence***. The Lichten Affidavit has met the requirements of Rule 56(d) by describing the discovery sought, explaining how the discovery would preclude summary judgment, and justifying why the discovery has not been obtained.

*Id.* (emphasis added).

Since Plaintiff's Motion to Strike is based entirely on the alleged inadmissibility of Marcia William's affidavit, the Court may end its analysis and deny Plaintiff's motion.

- 3 -

**B.     MARCIA WILLIAMS' AFFIDAVIT IS ADMISSIBLE BECAUSE IT EXPLAINS WHAT ADDITIONAL INFORMATION IS NEEDED BEFORE RESPONDING TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT.**

Even if admissibility were a requirement, Marcia William's affidavit is admissible for purposes of a Rule 56(d) inquiry.  Indeed, Rule 56(d) requests must be supported by an affidavit or declaration that shows the "specified reasons" why an extension or deferment should be granted.  FED. R. CIV. P. 56(d).  The Fifth Circuit has interpreted this to mean that "the non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and ***indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion***.'"  *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)) (emphasis added).  That is exactly what Marcia Williams' affidavit does.

Marcia Williams' affidavit begins by explaining her extensive involvement with various environmental programs and her intimate knowledge of RCRA, both during and after her tenure as the senior career official at the EPA managing the RCRA program.  [Doc. 161-3 at ¶¶ 3–7] She then provides a detailed list of specific factual information needed to conduct a thorough and accurate analysis of whether the toxaphene detected in the Hercules impoundment basin and sludge pits satisfies the K041 narrative listing description.  [*Id.* at ¶¶ 9–11]  In setting forth each specific fact, Ms. Williams explains how they may influence the merits of Plaintiff's Motion for Partial Summary Judgment, [*id.* at ¶¶ 9–14], thereby satisfying the requirements of Rule 56(d).  *See Biles*, 714 F.3d at 894.

Plaintiff essentially asks the Court preliminarily to determine the admissibility of evidence on the merits and, based on that determination, to prevent Hercules from developing

that evidence in the first instance.  That is contrary to the very purpose of Rule 56(d).  Plaintiff cannot preemptively bar Hercules from developing its theory of the case.  Marcia Williams' affidavit properly identifies additional facts that are needed and how those facts could plausibly influence the outcome of Plaintiff's Motion for Partial Summary Judgment.  That is allowed – indeed, required – by Rule 56(d).  If Ms. Williams' testimony comes before the Court in response to Plaintiff's Motion, the Court will determine its relevancy and admissibility at that time.  But for now, Ms. Williams' affidavit is clearly admissible for purposes of Rule 56(d).[2]

## CONCLUSION

Rule 56(d) affidavits need not be admissible.  Moreover, Marcia Williams' affidavit properly identifies the additional factual information that is needed and how that information could influence the outcome of Plaintiff's Motion for Partial Summary Judgment.  Therefore, Plaintiff's Motion to Strike Affidavit Testimony of Marcia A. Williams should be denied.

This the 23rd day of November, 2015.

Respectfully submitted,

HERCULES INCORPORATED

By Its Attorneys,
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.

By: */s/Samuel D. Gregory*
      SAMUEL D. GREGORY

---

[2] The fact that Marcia Williams' testimony was not allowed in another case has no bearing on the issue before the Court in this case.  Moreover, Plaintiff failed to include that testimony in its Motion to Strike, so it is not properly before the Court.

Case 2:13-cv-00208-KS-MTP   Document 182   Filed 11/23/15   Page 6 of 6

Richard F. Yarborough, Jr. (MS Bar No. 6628)
William N. Reed (MS Bar No. 4689)
James L. Jones (MS Bar No. 3214)
Amy L. Champagne (MS Bar No.  102447)
Ashley C. Tullos (MS Bar No. 101839)
D. Sterling Kidd (MS Bar No. 103670)
Michael V. Bernier (MS Bar No.  103960)
Samuel Gregory (MS Bar No.  104563)
BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, PC
P. O. Box 14167
Jackson, MS  39236
Telephone (601) 351-2410
Facsimile  (601) 592-2410
ryarborough@bakerdonelson.com
wreed@bakerdonelson.com
jjones@bakerdonelson.com
achampagne@bakerdonelson.com
atullos@bakerdonelson.com
skidd@bakerdonelson.com
mbernier@bakerdonelson.com
sdgregory@bakerdonelson.com
skidd@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system, which served a copy upon registered participants.

This the 23rd day of November, 2015.

                                             */s/Samuel D. Gregory*
                                               SAMUEL D. GREGORY

- 6 -