### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

CITY OF HATTIESBURG                                                                    PLAINTIFF

V.                                        CIVIL ACTION NO. 2:13-CV-208-KS-MTP

HERCULES, INC., et al.                                                              DEFENDANTS

<u>ORDER</u>

For the reasons provided below, the Court **denies** Plaintiff's Motion for Partial Summary Judgment [158] **without prejudice**, **denies** Defendant's Motion [162] for an extension of time to respond to the Motion for Partial Summary Judgment **as moot**, and **denies** Plaintiff's Motion to Strike [164] the affidavit of Marcia Williams **as moot**.

### A.   *Motion for Partial Summary Judgment [158]*

Plaintiff filed a Motion for Partial Summary Judgment [158] on October 9, 2015 – almost five months before the end of the discovery period. Therein, Plaintiff argues that the Court should enter summary judgment as to its claim that Defendant violated the Resource Conservation Recovery Act ("RCRA")[1] and Mississippi's regulatory program authorized by the RCRA. Plaintiff argues that Defendant violated these regulations by owning and operating a facility used for the storage and disposal of toxaphene without the required permit.

Plaintiff's argument has several layers of regulatory and factual analysis. First, Plaintiff contends that "wastewater treatment sludge from the production of

---

[1] 42 U.S.C. §§ 6901, *et seq.*

toxaphene" is a listed hazardous waste under the RCRA.[2] Next, Plaintiff argues that the RCRA's waste listings are applied retroactively to wastes disposed of prior to the listing date,[3] but that wastes disposed of prior to listing are only subject to regulation if they are "actively managed," which is defined as "physically disturbing accumulated wastes within a management unit or disposing of additional hazardous wastes in existing units containing previously disposed wastes."[4] Wastewater sludge from the production of toxaphene was listed as a hazardous waste in November 1980.[5]

Plaintiff contends that Defendant manufactured toxaphene and disposed of the wastewater sludge in an unlined impounding basin from 1951-1952 – prior to toxaphene wastewater sludge being listed as a hazardous waste under the RCRA. Plaintiff contends that Defendant moved sludge from the impoundment basin to unlined sludge pits throughout the 1970's, 1980's, and 1990's. Therefore, Plaintiff contends that Defendant has actively managed the toxaphene wastewater sludge post-listing, subjecting it to the RCRA's permit requirement.[6]

---

[2]*See* 40 C.F.R. § 261.32(a).

[3]*See* Identification and Listing of Hazardous Waste, 57 Fed. Reg. 37284 (Aug. 18, 1992) (to be codified at 40 C.F.R. §§ 261, 271, 302); *Chem. Waste Mgmt., Inc. v. EPA*, 869 F.2d 1526, 1537 (D.C. Cir. 1989).

[4]*See* Identification and Listing of Hazardous Waste, 57 Fed. Reg. at 37284; *Chem. Waste Mgmt.*, 869 F.2d at 1537.

[5]*See* Identification and Listing of Hazardous Waste, 45 Fed. Reg. 74884 (November 12, 1980) (to be codified at 40 C.F.R. § 261).

[6]*See* 42 U.S.C. § 6925(a); 40 C.F.R.§§ 270, *et seq.*; 11-3 MISS. CODE R. § 1 (LexisNexis 2015).

In response, Defendant argues that it should receive additional time to investigate and conduct discovery pursuant to Rule 56(d), which provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1)   defer considering the motion or deny it;
> >
> > (2)   allow time to obtain affidavits or declarations or to take discovery; or
> >
> > (3)   issue any other appropriate order.

FED. R. CIV. P. 56(d).

Motions for discovery under Rule 56(d) "are broadly favored and should be liberally granted." *Culwell v. City of Forth Worth*, 468 F.3d 868, 871 (5th Cir. 2006). "Although a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course, the party seeking additional discovery must first demonstrate how that discovery will create a genuine issue of material fact." *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 963 (5th Cir. 2009). Vague assertions that discovery will reveal unspecified facts are insufficient. *See Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013). The party seeking a continuance is required to "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* The decision to grant or deny a 56(d) motion is committed to the sound discretion of the trial court. *See Saavedra v. Murphy Oil*

*USA, Inc.*, 930 F.2d 1104, 1107 (5th Cir. 1991).

Defendant identified two specific areas of inquiry that it contends must be further investigated. First, Defendant argues that it needs more time to determine whether the toxaphene detected in the sludge pit and impoundment basin samples might reasonably have come from a different source than wastewater sludge. Next, Defendant argues that additional facts are necessary to determine whether the wastewater sludge deposited in the impoundment basin falls within the scope of the RCRA's hazardous waste listing, as argued by Plaintiff. Defendant contends that it must retain experts to answer this question.

As the Court previously noted,[7] Rule 56(d) motions "are broadly favored and should be liberally granted." *Culwell*, 468 F.3d at 871. Due to the complexity of the factual issues raised by Plaintiff's motion, the Court believes it would be prudent for the parties to complete discovery before any dispositive rulings. Defendant identified two areas of inquiry that could arguably have bearing on the outcome of Plaintiff's motion. There are approximately six weeks left in the discovery period. Delaying dispositive rulings for this brief time will not prejudice any party. More importantly, it may provide the Court with a more complete record upon which to rule. The gravity and implications of this case, and the complexity of its legal and factual disputes demand that the Court proceed with caution.

---

[7] *See* Order, *City of Hattiesburg v. Hercules, Inc.*, No. 2:13-CV-208-KS-MTP (S.D. Miss. Jan. 12, 2015), ECF No. 101 (denying Defendant's Motion for Partial Summary Judgment [78] without prejudice pursuant to Rule 56(d)).

Accordingly, the Court **denies** Plaintiff's Motion for Partial Summary Judgment [158] **without prejudice**. Plaintiff may seek summary judgment again once the discovery period has completed.

### B.   *Motion for an Extension of Time [162]*

The Court **denies** Defendant's Motion [162] for an extension of time to respond to Plaintiff's Motion for Partial Summary Judgment **as moot**.

### C.   *Motion to Strike [164]*

The Court **denies** Plaintiff's Motion to Strike [162] the affidavit of Marcia Williams **as moot**. The Court did not consider the affidavit.

SO ORDERED AND ADJUDGED this 15th day of January, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

5