IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CITY OF HATTIESBURG**                                                    **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO. 2:13-CV-208-KS-MTP**

**HERCULES, INC., et al.**                                                **DEFENDANTS**

## ORDER

The Court discussed the background of this case in a previous order. *See City of Hattiesburg v. Hercules, Inc.*, 78 ERC (BNA) 2073, 2014 U.S. Dist. LEXIS 40993, at *2-*3 (S.D. Miss. Mar. 27, 2014). For the reasons below, the Court **denies** Defendant's Motion for Sanctions [245] and **denies** Plaintiff's Motion to Exclude [253].

### I. MOTION FOR SANCTIONS [245][1]

Defendant seeks sanctions for Plaintiff's purported violation of Rule 26's disclosure requirements. Plaintiff served its initial disclosures on September 19, 2014 [60, 245-1]. Therein, Plaintiff identified no documents upon which it intended to rely in support of its claim for punitive damages. Plaintiff supplemented [64, 245-2] its initial disclosures on October 9, 2014, and it did not identify any documents in support of its claim for punitive damages. On August 17, 2015, Plaintiff again supplemented

---

[1] Plaintiff requests oral argument "[p]ursuant to Fed. R. Civ. P. 37(c)." Rule 37(c) permits the Court to impose certain discovery sanctions "on motion and after giving an opportunity to be heard." FED. R. CIV. P. 37(c)(1). The opportunity to submit a brief is an "opportunity to be heard." *Cf. Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1027 (5th Cir. 1994); *Robinson v. Ely*, 547 F. App'x 628, 630 (5th Cir. 2013). Having reviewed the parties' briefs and conducted its own research, the Court does not believe that oral argument is necessary. Plaintiff's request for oral argument is denied.

[147, 245-3] its disclosures, and it did not identify any documents in support of its claim for punitive damages. On February 1, 2016 – twenty-eight days before the end of the discovery period – Plaintiff provided Defendant its third and final supplemented disclosures [235, 245-4]. Therein, Plaintiff identified 2,179 documents which purportedly support its claim for punitive damages.

Defendant argues that Plaintiff failed to comply with Rule 26(a)(1)(A)(iii) and (e) because it failed to timely identify the documents upon which it intended to rely in support of its claim for punitive damages. Accordingly, Defendant argues that the Court should exclude the documents pursuant to Rule 37(c)(1). For purposes of addressing the present motion, the Court will assume that Plaintiff failed to comply with Rule 26's disclosure requirements.

Rule 37 provides: "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless." FED. R. CIV. P. 37(c)(1). However, "[i]n addition to or instead of this sanction," the Court may impose any number of "other appropriate sanctions," including those listed in Rules 37(b)(2)(A)(i)-(vi) and 37(c)(1)(A)-(B). *Id.* When applying Rule 37, the Court considers the following factors: "(1) the explanation for the failure to identify the [documents]; (2) the importance of the [documents]; (3) potential prejudice in allowing the [documents]; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). Here, the Court's decision hinges on the third and fourth factors.

Defendant argues that it was prejudiced by Plaintiff's untimely disclosure because there was insufficient time left for it to "review and analyze those documents, evaluate how they may affect Hercules' litigation strategy, and take appropriate action." Defendant contends that it was unable to submit the documents to its experts before they finalized their reports on January 15, 2016, and that the late disclosures would have influenced its deposition strategies of Plaintiff's witnesses.

Plaintiff identified the documents supporting its punitive damages claim twenty-eight days before the discovery deadline. That left sufficient time for Defendant to review them and determine whether it needed to seek supplemental opinions from its experts or seek leave to reconvene any witness's deposition. Despite having sufficient time to review the documents and determine a course of action, Defendant has neither sought leave to reconvene any witness's deposition nor – to the Court's knowledge – obtained supplemental opinions from its experts related to the late-disclosed documents. Indeed, the Court finds it noteworthy that Defendant did not seek any intermediate sanction under Rule 37(c), opting instead to jump directly to exclusion.

Additionally, Defendant contends that Plaintiffs violated Rule 26(a)(1)(A)(iii), which requires disclosure of a "computation of damages" and any supporting documents. FED. R. CIV. P. 26(a)(1)(A)(iii). Another Judge in this district has observed that claims for punitive damages are "not amenable to a specific calculation under Rule 26," and that the failure to disclose such a calculation does not constitute a violation of Rule 26. *EEOC v. GMC*, 2009 U.S. Dist. LEXIS 35176, at *7 n. 1 (S.D. Miss. Apr. 1, 2009). The undersigned judge expresses no opinion on the procedural question of what

Rule 26 requires with respect to punitive damage claims.[2] However, Judge Barbour's decision in the *GMC* case illustrates that the vague and uncertain nature of punitive damage claims mitigates any prejudice that may accrue to Defendant because Plaintiff failed to timely provide the disclosure required by Rule 26(a)(1)(A)(iii). In other words, it is arguable that Defendant would not have benefitted from a computation of damages provided earlier in the litigation.

Finally, the Court notes that all of the documents were either produced by Defendant in this case or the *Blackard* case, produced by Defendant's parent corporation or environmental consultants, or were publicly available through the Mississippi Department of Environmental Quality. Therefore, they were all either in Defendant's possession or control, or were readily available to it. In the Court's opinion, this mitigates the prejudice to Defendant.

The Court finds that allowing Plaintiff to rely on the documents would result in little to no prejudice to Defendant insofar as it had sufficient time to examine the documents and respond accordingly. Even if there is some slight prejudice to Defendant, there is abundant time to craft a tightly controlled cure during the several months between now and trial. However, Defendant has not proposed any such cure. Therefore, its Motion for Sanctions [245] is denied.

## II. MOTION TO EXCLUDE [253]

---

[2] Even if punitive damage claims are not amenable to specific calculation under Rule 26(a)(1)(A)(iii), documents in support of them must be disclosed pursuant to Rule 26(a)(1)(A)(ii). *See* FED. R. CIV. P. 26(a)(1)(A)(ii)-(iii); *Martino v. Kiewit N.M. Corp.*, 600 F. App'x 908, 911 (5th Cir. 2015).

Plaintiff seeks the exclusion of a Supplemental Report [260-2] from Defendant's expert, Dr. David Garabrant. Defendant timely designated Garabrant as an expert witness and served Plaintiff with his report [260-1] as required by Rule 26(a)(2). Defendant then served Plaintiff with a Supplemental Report approximately three weeks after the designation deadline. Plaintiff contends that the Supplemental Report contained new opinions outside the scope of Garabrant's initial report, rendering it an untimely designation rather than a supplement. For purposes of addressing the present motion, the Court will assume that the Supplemental Report was an untimely designation, and that Defendant failed to comply with Rule 26(a)(2).

Rule 37 provides: "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless." FED. R. CIV. P. 37(c)(1). However, "[i]n addition to or instead of this sanction," the Court may impose any number of "other appropriate sanctions," including those listed in Rules 37(b)(2)(A)(i)-(vi) and 37(c)(1)(A)-(B). *Id.* When applying Rule 37, the Court considers the following factors: "(1) the explanation for the failure to identify the [documents]; (2) the importance of the [documents]; (3) potential prejudice in allowing the [documents]; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). Here, the Court's decision hinges on the third and fourth factors.

It appears to be undisputed that Plaintiff was not prejudiced by the late submission of Garabrant's Supplemental Report. Plaintiff did not even argue that it

5

was prejudiced. Plaintiff deposed Garabrant on February 29, 2016 – almost three weeks after Defendant provided the Supplemental Report. Therefore, Plaintiff had an opportunity to examine the Supplemental Report, submit it to its own experts, and question Garabrant about the opinions contained therein. Even if Plaintiff were prejudiced, it already received an adequate cure – the opportunity to depose Garabrant. Accordingly, the Court denies Plaintiff's Motion to Exclude [253].

### III. CONCLUSION

For the reasons provided above, the Court **denies** Defendant's Motion for Sanctions [245] and **denies** Plaintiff's Motion to Exclude [253].

SO ORDERED AND ADJUDGED this 18th day of March, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE